{¶ 31} I write separately to emphasize that I do not agree with the comment expressed in footnote 1 of the lead opinion that the "better practice" is not to file discovery materials with the trial court. I firmly believe that the better practice is to file all discovery requests and responses with the trial court so that any issues relating, not only to Brady violations and other discovery disputes, but also to matters that commonly arise regarding the apprisal of the defendant as to the charges or the evidence in the case, are fully and accurately preserved in the record, both for the trial of the case and for any appellate review.
 {¶ 32} In rare instances of special sensitivity or security issues, the trial court can always be petitioned for a particular matter to be sealed or otherwise preserved for the record in a confidential manner. However, I believe that relying on any "arrangement" between the parties for the exchange of discovery that attempts to by-pass the trial court and/or filing in the official record, inevitably invites unnecessary problems, both at the trial and appellate levels.
 {¶ 33} I concur in the decision and judgment of the majority in all other respects. *Page 1